# EXHIBIT B

# Complaint to Trans Union, LLC

STATE OF MICHIGAN
IN THE 53 DISTRICT COURT

KEITH SOTH,
    Plaintiff,
v.

TRANS UNION, LLC,
a Delaware limited liability company,
EQUIFAX INFORMATION SERVICES, LLC,
a Georgia corporation, and
CAPITAL ONE BANK USA, N.A.,
a foreign corporation,
    Defendants.
_____/

CASE NO. 15-      GC

HON.

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES** THE PLAINTIFF, **KEITH SOTH**, BY AND THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN, and for his Complaint against the Defendants, pleads as follows:

1. The transactions and occurrences which give rise to this action occurred in the City of Howell, County of Livingston, State of Michigan.

2. Venue is proper in the 53 District Court in Livingston County, Michigan, as the actions and occurrences recited herein occurred in the City of Howell, Livingston County, Michigan.

3. The amount in controversy is less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC, ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County, Michigan;

    b. Trans Union, LLC, ("Trans Union") which is an Delaware company that maintains a registered agent in Ingham County, Michigan; and

    c. Capital One Bank, USA ("Capital One") which is a foreign company that, upon information and belief, maintains offices in Virginia.

## GENERAL ALLEGATIONS

5. Capital One is wrongfully reporting its trade line with Account Number REDACTED REDACTED ("Bogus Trade Line") two times. The double reporting of this trade line makes it appear as though Plaintiff had two Capital One/Best Buy accounts when, in fact, he only had one.

6. On or about December 9, 2014, Mr. Soth obtained his Trans Union credit file and noticed the Bogus Trade Line.

7. On or about March 10, 2015, Mr. Soth obtained his Equifax credit file and again noticed the Bogus Trade Line.

8. On or about March 18, 2015, Plaintiff submitted dispute letters to Equifax and Trans Union disputing the Bogus Trade Line.

9. Upon information and belief, Defendants Trans Union and Equifax forwarded Mr. Soth's dispute to Defendant Capital One.

10. On or about March 31, 2015, Plaintiff received Trans Union's dispute results which showed that Capital One retained the Bogus Trade Line.

11. On or about April 10, 2015, Plaintiff received Equifax's investigation results which showed that Capital One also retained the Bogus Trade Line on both of his credit files with Trans Union and Equifax.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

12. Plaintiff re-alleges the above paragraphs as if recited verbatim.

13. After being informed by Equifax and Trans Union of the Plaintiff's consumer dispute regarding the Bogus Trade Line, Capital One negligently failed to conduct a proper reinvestigation of the Plaintiff's disputes as required by 15 USC 1681s-2(b).

14. Capital One negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union and Equifax to remove the duplicate Bogus Trade Line from Mr. Soth's' consumer credit report.

15. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Soth's consumer credit file with Trans Union and Equifax to which it is reporting such trade line.

16. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mr. Soth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

17. Capital One is liable to Mr. Soth by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

18. Mr. Soth has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Capital One for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

19. Plaintiff re-alleges the above paragraphs as if recited verbatim.

20. After being informed by Trans Union and Equifax that Mr. Soth disputed the accuracy of the information it was providing, Captial One willfully failed to conduct a proper reinvestigation of Mr. Soth' dispute.

21. Capital One willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

22. As a direct and proximate cause of Capital One's willful failure to perform its respective duties under the FCRA, Mr. Soth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Capital One is liable to Mr. Soth for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

24. Plaintiff re-alleges the above paragraphs as if recited verbatim.

25. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Soth as that term is defined in 15 USC 1681a.

26. Such reports contained information about Mr. Soth that was false, misleading, and inaccurate.

27. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Soth, in violation of 15 USC 1681e(b).

28. After receiving Mr. Soth's' consumer dispute to the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

29. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Soth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

30. Trans Union is liable to Mr. Soth by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

31. Plaintiff re-alleges the above paragraphs as if recited verbatim.

32. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Soth as that term is defined in 15 USC 1681a.

33. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

34. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Soth, in violation of 15 USC 1681e(b).

35. After receiving Mr. Soth's' consumer dispute to the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Soth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Trans Union is liable to Mr. Soth by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

38. Plaintiff re-alleges the above paragraphs as if recited verbatim.

39. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Soth as that term is defined in 15 USC 1681a.

40. Such reports contained information about Mr. Soth that was false, misleading, and inaccurate.

41. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Soth, in violation of 15 USC 1681e(b).

42. After receiving Mr. Soth's consumer dispute to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Soth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Equifax is liable to Mr. Soth by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that the court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

45. Plaintiff re-alleges the above paragraphs as if recited verbatim.

46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Soth as that term is defined in 15 USC 1681a.

47. Such reports contained information about Mr. Soth that was false, misleading, and inaccurate.

48. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Soth, in violation of 15 USC 1681e(b).

49. After receiving the Plaintiff's consumer dispute to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Soth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Equifax is liable to Mr. Soth by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

Respectfully submitted.

September 4, 2015

_____
GARY D. NITZKIN P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorney for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com